IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2018 OCT 24  PM 1: 23

U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

| | |
|---|---|
| PEDRO GÜEREQUE, § <br> TDCJ No. 2095806, § <br> Petitioner, § <br> § <br> § <br> § <br> BRIAN COLLIER, Executive Director, § <br> Texas Department of Criminal Justice, § <br> Respondent. § | EP-18-CV-306-DCG |

## MEMORANDUM OPINION AND ORDER

Petitioner Pedro Güereque attacks a federal detainer through a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. After due consideration, the Court will deny Güereque's petition because it appears from its face that he is not entitled to § 2241 relief.

### BACKGROUND

Güereque pleaded guilty in the United States District Court for the Western District of Texas to importing a quantity of marijuana. *United States v. Güereque*, EP-08-CR-2717-FM-1. He was sentenced to 77 months' imprisonment followed by 60 months' supervised release. *Id.*, J., ECF No. 35.

After his release from federal prison—and while on supervised release—he was arrested for robbery by local authorities in El Paso, Texas. Güereque was found guilty in cause number 20250D03232 in the 171st Judicial District Court of El Paso County Texas, and was sentenced to imprisonment in the Texas Department of Criminal Justice (TDCJ). He was confined at the Terrell Unit in Rosharon, Texas, by TDCJ.

As a consequence of Güereque's arrest by local authorities, the United States of America filed a motion to revoke his supervised release. *Id.*, Mot. to Revoke, ECF No. 56. The District Court issued a warrant for Güereque's arrest directed to the United States Marshals Service. *Id.*, Warrant for Arrest, ECF No. 57. Because Güereque was serving a state sentence, the Marshals Service lodged a detainer

with TDCJ. *Id.*, Detainer, ECF No. 60.[1]

In his petition, Güereque asks the Court to intervene in his behalf, remove the detainer, revoke his supervised release, and order that his federal sentence run concurrently with his state sentence. *Güereque v. Collins*, EP-28-CV-306, Pet'r's Pet 8, ECF No. 8.

## APPLICABLE LAW

A person may obtain habeas relief under § 2241 when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2012). He may rely on § 2241 to protect him "against erosion of [his] right to be free from wrongful restraints upon [his] liberty." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). He may apply for § 2241 relief regardless of whether a court has rendered final judgment and regardless of the present status of his case. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). *See also Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011); *Holley v. Texas*, 194 F.3d 1309 (5th Cir.1999).

During its initial screening of a habeas corpus petition, a reviewing court accepts a petitioner's allegations as true. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by pro se petitioner under more a lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A Court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Consequently, a court may on its own motion dismiss a petition when "it

---

[1] *United States v. Mauro*, 436 U.S. 340, 359 (1978) (explaining a "'detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.'") (quoting H.R. Rep. No. 91–1018, p. 2 (1970); S. Rep. No. 91–1356, p. 2 (1970); U.S. Code Cong. & Admin. News 1970, p. 4865)).

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). "This rule against no-notice *sua sponte* dismissal is subject to two exceptions: if the dismissal is without prejudice, or if the plaintiff has alleged his best case." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

Güereque asks the Court to order the immediately execution of a violation warrant issued by a federal court. He names Brian Collier, the Executive Director of the Texas Department of Criminal Justice, as Respondent.

The federal habeas statute provides the proper respondent to a federal habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242 (2012). The statute instructs a court to issue the writ or order to show cause " to the person having custody of the person detained." 28 U.S.C. § 2243 (2012). "The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574 (1885).

However, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld*, 542 U.S. at 438. When a prisoner attacks a detainer on federal habeas

corpus grounds, the prisoner is "in custody" in the detainer-issuing state by virtue of the detainer, even though he is physically confined in another state. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 498–99 (1973).

While Collier may have physical custody of Güereque, neither Collier nor the State of Texas issued the federal detainer. Collier also has no authority to grant the relief Güereque requests, to give orders to the Marshals Service or to take any action on the federal warrant. He is not the proper respondent for a § 2241 action challenging the federal detainer issued by the Marshals Service.

Although Collier may not be the proper respondent, a pro se petitioner who has named the wrong respondent should be permitted to amend his pleadings *if there is a potential ground for relief*. *Gallegos v. La. Code of Criminal Procedures Art. 658*, 858 F.2d 1091, 1092 (5th Cir.1988) (emphasis added). In this case, however, there is no potential ground for relief.

"Supervised release revocation hearings are not criminal proceedings" and the Sixth Amendment right to a speedy trial is not applicable. *United States v. Tippens*, 39 F.3d 88, 89–90 (5th Cir. 1994) (internal quotation marks and citations omitted). No right to a revocation hearing accrues until the warrant is executed and the defendant is taken into custody, even if that occurs years after the warrant is issued. *Moody v. Daggett*, 429 U.S. 78, 87–89 (1976). Consequently, an individual undergoing revocation proceedings is not constitutionally entitled to a hearing immediately upon the issuance of a violation warrant. *Id.*

Article III of the Interstate Agreement on Detainers Act (IADA) does give a prisoner incarcerated in one state the right to demand the speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another state. *Carchman v. Nash*, 473 U.S. 716, 718–19 (1985). But the IADA does not apply to detainers issued for supervised release

violations. *United States v. Webb*, 734 F. App'x 306 (5th Cir. 2018).

Therefore, Güereque cannot not show "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2012).

## CONCLUSIONS AND ORDERS

Accordingly, the Court concludes that it appears from the face of Güereque's petition that he is not entitled to § 2241 relief.

The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Pedro Güereque's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 23rd day of October, 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE